# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **OSCAR BROOKS** | **PLAINTIFF** |
| **V.** | **CASE NO. 4:07CV62** |
| **INGRAM BARGE COMPANY** | |
| **JANTRAN, INC.** | **DEFENDANTS** |

## ORDER

This cause comes before the court on the motion [82] of the defendant, Ingram Barge Company, to strike the plaintiff's supplemental memorandum to the *Daubert* hearing in the instant matter.

The court finds the motion well taken. It bases this decision on three factors: (1) the memorandum is untimely; (2) it has little probative value; and, (3) it is outside the purpose of a supplemental brief.

This court held a *Daubert* hearing on October 30, 2008. At that hearing, the court allowed the parties time to file additional memoranda. The court made clear these briefs had to be filed no later than November 10, 2008. This date was agreed upon by all parties. The court issued an order on October 31, 2008 confirming the timeframe in which the memoranda were to be filed. That order also informed the parties that if they wished to respond to any of the supplemental briefs they had to request permission to do so no later than November 12, 2008.

The plaintiff in this matter did not file a memorandum within the allotted time. Nor did the plaintiff request permission from this court to file a memorandum out of time. Instead the plaintiff did not file his memorandum until November 14, 2008. As such the court finds the plaintiff's supplemental brief untimely.

In making this decision the court has reviewed the contents of the memorandum filed. In

reviewing those contents, the court finds the information therein less than helpful to its decision. In this document Dr. Goldsmith, the plaintiff's expert, for the first time develops numerical data from which to base his opinion. The court believes Goldsmith is working the scientific method backwards. He came to the conclusion he wished to state in this court and then kept adding new information in an attempt to support that conclusion to the point this court would accept it. The court finds this is not the same level of intellectual inquiry Goldsmith would use in developing studies or opinions in his field. This method offers no assurance of reliability, but instead allows an expert to mold his supporting evidence in order to testify to any conclusion he wishes. As such the new information contained in the disputed document has little probative value.

Finally, the contents of the memorandum are outside the general purpose of supplemental briefs. A supplemental memorandum is normally used to point the court to new issues of law raised at a *Daubert* hearing or to point the court towards a better understanding of the facts presented. Here instead the plaintiff attempts to introduce new evidence developed after the fact to support an expert opinion. It is obvious that the expert in question did not actually rely on this information in coming to his conclusion. Further it is outside the scope of the information that was available to the parties and the court at the time of the *Daubert* hearing.

These three factors all counsel against allowing the plaintiff's supplemental memorandum to stand. As such the court will strike it from consideration. The defendant's motion to strike is GRANTED.

This the 21st day of November, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**