IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**OSCAR BROOKS** **PLAINTIFF**

**V.** **CASE NO. 4:07CV62**

**INGRAM BARGE COMPANY**
**JANTRAN, INC.** **DEFENDANTS**

## ORDER

This cause comes before the court on the motions [56, 60] of the defendants, Ingram Barge Company and Jantran, Inc., seeking summary judgment.

Both parties seek summary judgment on the ground that the plaintiff, Oscar Brooks, can not offer any proof of causation showing that diesel exhaust caused his lung cancer. This court has already fully stated the facts of this case as they relate to causation in its November 21, 2008 order. As such the court will not rehash the facts and issues before it.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the

jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

There is no material question of fact as to whether diesel exhaust caused Brooks' cancer. This court excluded Brooks' experts in its October 21, 2008 order. Those expert opinions were the only proof of causation offered by Brooks. He concedes this point in his response to the motion for summary judgment arguing only that the experts' testimony is admissible. Without expert proof of causation Brooks' claim fails. *See Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962); *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 503-04 (9th Cir. 1994).

The defendants' motion for summary judgment is GRANTED. Pursuant to Federal Rule of Civil Procedure 56, this ruling constitutes a final judgment in the instant action.

This the 2nd day of December, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**